UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DERRICK ELLISON GOBLE,<br><br>    Petitioner,<br><br>    v.<br><br>JACK FOX, Warden,<br><br>    Respondent. | Case No. C14-181-RSM-JPD<br><br>REPORT AND RECOMMENDATION |

Petitioner Derrick Ellison Goble, a prisoner at the SeaTac Federal Detention Center in Seattle, Washington, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the calculation of his federal sentence by the Federal Bureau of Prisons ("BOP"). Dkt. 1. After careful consideration of the record and the applicable law, the undersigned recommends that the petition for writ of habeas corpus be denied because this Court lacks jurisdiction over the petition.

## I.    FACTUAL BACKGROUND

Mr. Goble's history has previously been laid out in detail in a Report and Recommendation prepared by Magistrate Judge Edmund F. Brennan in the U.S. District Court for the Eastern District of California, addressing a petition pursuant to 28 U.S.C. § 2241 filed by Mr. Goble in that district while he was housed in the Federal Correctional Institution at

REPORT AND RECOMMENDATION
PAGE - 1

Herlong.  *See Goble v. Thomas*, No. 2:11–cv–0008 JAM EFB P, 2012 WL 4050074 (E.D. Cal. Sept. 13, 2012).  The history will not be repeated here.

Mr. Goble's petition to the Eastern District of California is substantially similar to his petition before this Court.[1]  In that petition, Mr. Goble argued, as he does here, that the BOP incorrectly calculated his federal sentence by failing to account for time served while he was in state custody and serving prison sentences on state charges in the State of Montana.  Specifically, Mr. Goble argues that he should receive credit against his federal sentence because the federal judge in the District of Montana, who sentenced him following his November 21, 2007 plea of guilty to a charge of possession of a stolen firearm in violation of 18 U.S.C.§ 922(j), specifically indicated that Mr. Goble's sentence would run "concurrently" to two state sentences he was serving at the time he was sentenced on the federal charges.  *Id*. at *5.  After reviewing Mr. Goble's arguments, the court in the Eastern District of California denied Mr. Goble's petition, reasoning that under 18 U.S.C. § 3585(a), a federal sentence starts "on the date the defendant is received in custody . . . to commence service of sentence at the official detention facility at which the sentence is to be served."  *Id.* at *9.  Moreover, the court noted that under Ninth Circuit law, a district court does not have the power to backdate a federal sentence to the beginning of a state prison term. *Id*. (citing *Schleining v. Thomas*, 642 F.3d 1242, 1244 (9th Cir.2011)).  As a result, the court concluded that the Mr. Goble's federal sentence did not start until "he was paroled on his state sentence and arrived at Herlong to serve his federal sentence" and that he was not entitled to credit for time served while he was detained by the State of Montana. *Id.* at 10.

After the denial of his petition in the Eastern District of California, Mr. Goble filed a motion in the District of Montana, asking the court to correct its previous judgment and to

---

[1] As noted in the Government's Return To Petition, the only difference in the arguments made in the case in the Eastern District of California and those made before this Court is that petitioner suggests the BOP should have employed a start date different from that which he proposed in the Eastern District of California petition. While the dates are different, the difference does not alter the legal analysis in this Report and Recommendation.

REPORT AND RECOMMENDATION
PAGE - 2

provide him with the sentence credit. *See* Dkt. 7, Exh. 6. The district court denied that motion. *Id.* Subsequently, Mr. Goble sought reconsideration of the district court's order but that motion was also denied. *See* Dkt. 7, Exh. 7.

Having been transferred to the SeaTac Federal Detention to serve out the remainder of his federal sentence, Mr. Goble now files another petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to this Court based on the same grounds, namely that the BOP incorrectly calculated his federal sentence by failing to account for time served while he was in state custody serving sentences on separate state charges in the State of Montana.

## II.   DISCUSSION

### A.   <u>This Court Lacks Jurisdiction Over Petitioner's Writ</u>

This Court lacks jurisdiction to hear Mr. Goble's petition. As discussed above, Mr. Goble has already unsuccessfully raised the exact same claims in a previous writ for petition of habeas corpus in the Eastern District of California. Section 2244(a) of the habeas statute provides:

No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus except as provided in section 2255.

28 U.S.C. §2244(a). Thus, Section 2244(a) indicates that a district court shall not be required to entertain a subsequent writ of habeas corpus once another court has rendered judgment on a similar claim. In this case, because the court in the Eastern District of California has already rendered judgment on Mr. Goble's previous petition, and because that petition raised the same issues raised in his current petition before this Court, this Court is not required to entertain Mr. Goble's current petition before this Court. The reasoning for this is clear and is based on judicial economy. If allowed to continuously raise similar claims before

different courts, petitioners would tie up scarce judicial resources by re-litigating similar issues over and over again. Such a procedure was surely not envisioned by the drafters of the habeas statute.

Section 2244(a), however, does provide petitioners one exception in that it authorizes petitioners the ability to file a petition for writ of habeas corpus on a previous judgment as provided in Section 2255. 28 U.S.C. § 2255 of the habeas statute relates to post-conviction remedies provided to petitioners. As the advisory committee notes indicate, "[u]nder these rules the person seeking relief from federal custody files a motion to vacate, set aside, or correct sentence, rather than a petition for habeas corpus." *See* Advisory Committee Notes to 28 U.S.C. § 2255. Under Section 2255(a) a prisoner in custody may move to challenge his sentence. Section 2255(a) specifically states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, ***may move the court which imposed the sentence*** to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added). Thus, a prisoner can file a petition under Section 2255(a) challenging his or her sentence, but must do so before the court which imposed the sentence. In this case, the court which imposed the sentence on Mr. Goble was the district court in Montana. Therefore, under Section 2255(a) the proper venue for Mr. Goble to challenge his sentence is in the District of Montana and not the Western District of Washington. If Section 2255(a) is not enough to divest this Court of jurisdiction, Section 2255(e) further reinforces that this Court does not have jurisdiction. Section 2255(e) specifically prohibits this Court from granting Mr. Goble's petition by stating that an application for a writ based on Section 2255:

REPORT AND RECOMMENDATION
PAGE - 4

> *. . . shall not be entertained* if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, *or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphases added). In this case, after Mr. Goble's petition in the Eastern District of California was denied, he filed a motion in the District of Montana, asking the court to correct the judgment to provide him with the sentence credit. *See* Dkt. 7, Exh. 6. The district court in Montana denied that motion. Subsequently, Mr. Goble sought reconsideration of the district court's order but that motion was also denied. *See* Dkt. 7, Exh. 7. Thus, because Mr. Goble sought relief in the district court in Montana and that court denied him relief, under Section 2255(e) this Court cannot entertain Mr. Goble's petition here unless it appears that the remedy by motion is "inadequate or ineffective to test the legality of his detention." Here no such arguments are made by Mr. Goble and there is nothing in the record indicating such inadequacy or ineffectiveness.

As a result, this Court lacks jurisdiction to hear Mr. Goble's petition.

B. <u>Petitioner Has Brought His Case Under The Wrong Procedural Mechanism</u>

Assuming, *arguendo*, that this Court did have jurisdiction over Mr. Goble's claims, Mr. Goble's petition is still procedurally problematic in that he seeks to challenge his sentence by bringing a petition under 28 U.S.C. § 2241, when he should have brought the petition under 28 U.S.C. § 2255. As noted by the Ninth Circuit:

> The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, *see Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003) (as amended), and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241. The one exception to the general rule is what we have called the "escape hatch" of § 2255. *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). The escape hatch permits a federal prisoner to "file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under

REPORT AND RECOMMENDATION
PAGE - 5

§ 2255 is 'inadequate or ineffective to test the legality of his detention.' " *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000) (per curiam) (quoting § 2255).

*See Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). Here Mr. Goble attempts to challenge his sentence under Section 2241 without providing any arguments as to why the remedies under Section 2255 would have been inadequate or ineffective. As a result, Mr. Goble's petition is procedurally flawed.

### III.   CONCLUSION

For the foregoing reasons, this Court recommends that the habeas petition, be DENIED, and this case DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within twenty-one (21) days of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within fourteen (14) days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 9, 2014**.

DATED this 16th day of April, 2014.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge